UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RALPH LISKE,

        Plaintiff,

  v.                                                                          Case No. 08-C-252

STATE OF WISCONSIN, et al.,

        Defendant.

**ORDER**

Plaintiff Ralph Liske, a state prisoner serving a sentence at Oshkosh Correctional Institution ("OCI"), filed this civil rights action seeking relief under 42 U.S.C. § 1983. He has already been assessed and paid the $350.00 filing fee. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset . . . ."). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). With these standards in mind, I now turn to the allegations of Liske's complaint.

Liske has named as defendants in this case the State of Wisconsin, the Wisconsin Department of Corrections, Oshkosh Correctional Institution, and the unknown insurer of these three defendants. He also named Judy Smith, a warden at OCI, Tom Edwards, the manager of the Health Services Unit ("HSU") at OCI, and Julie Hull, Jennifer Delvaux, Holly Gunderson, Sharon Zunker, and John Doe, all employees at OCI. These defendants were named in both their individual and official capacities. Liske seeks monetary damages against all defendants.

2

As an initial matter, "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant. Neither is a 'person' for purposes of § 1983." *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003) ("[A] state is not a 'person' subject to a damages action under § 1983.")[1] Nor may Liske maintain a cause of action against Oshkosh Correctional Institution. "[P]risons . . . are not suable entities because they are not persons capable of accepting service of plaintiff's complaints or responding to them." *Maier v. Wood County Courthouse*, 2007 WL 3165825, *2 (W.D. Wis. 2007). Therefore, these defendants will be dismissed from this action.

To the extent Liske has attempted to assert damage claims against the defendants in their official capacities, these claims are, in effect, action against the state which is barred by the Eleventh Amendment. *See Shockley*, 823 F.2d at 1070 ("A suit for damages against a state official in his or her official capacity is a suit against the state for Eleventh Amendment purposes."); *see Williams*, 336 F.3d at 580. Thus, all claims against the individual defendants in their official capacities will also be dismissed.

According to Liske, he underwent a four vessel coronary bypass procedure in 2003, and is now required to take certain medications in order to prevent the possibility of heart related health problems. On April 4, 2007, he filed a health service form with the Health Services Unit at OCI, requesting a refill of two of the medications he takes for this purpose, Isosorbide DN and Losartran. On April 9 and April 13, he filed second and third requests. On April 22, he sent a letter to defendant Smith requesting the refill of the medication, and on April 25, he sent a letter to defendant

---

[1] The Eleventh Amendment also provides that a citizen may not sue a state for money damages without its consent. *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). "But any constitutional problem that may exist is subordinate to the statutory deficiency." *Williams*, 336 F.3d at 580.

3

Edwards making the same request. On April 28, Liske was seen by a nurse because he was experiencing chest pain and shortness of breath. He was taken via ambulance to a nearby hospital, where the treating physician indicated that Liske's condition was caused by the lack of the Isosorbide medication. On April 30, Liske filed an Offender Complaint with the Inmate Complaint Examiner ("ICE") regarding his deprivation of medication. On May 1, Liske again experienced chest pains and was transported to the hospital emergency room. On May 16, 2007, defendant Delvaux recommended that the Offender Complaint be affirmed to acknowledge the delay Liske experienced in receiving refills of his medication. Defendant Zunker affirmed Delvaux's recommendation, and notified defendant Gunderson of the decision. It is unclear from the complaint when, if ever, Liske eventually received the medication.

Liske alleges that other of his medications and medical supplies were similarly delayed. He claims that on May 19, 2007 he filed a request with the Health Services Unit requesting a refill of Aspirin he took to treat his blood pressure and Ibuprofen he took to treat pain. He filed a second request on May 24, and then a complaint with the ICE on May 31 regarding this deprivation of medication. On June 18, Liske finally received these medications, and the same day, the ICE rejected his complaint as moot for that reason. Liske also claims that he experienced trouble obtaining two hearing aid batteries which he requested on April 17, 2007. Having not received them, he filed a complaint with the ICE on June 4, 2007. He was not provided the batteries until June 17. His complaint with the ICE was then rejected as moot the following day, June 18.

Liske alleges that the defendants acted with deliberate indifference to his serious medical needs in delaying his requests for prescription refills and other health care items. A prison official's "deliberate indifference" to a prisoner's medical needs or to a substantial risk of serious harm to an

4

Case 1:08-cv-00252-WCG   Filed 04/02/08   Page 4 of 8   Document 4

inmate violates the Eighth Amendment, which is applicable to the states through the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Given Liske's apparent need for the medications, the number of requests that he made for them, and the alleged consequences of the delay, I conclude that Liske may have an Eighth Amendment claim for deliberate indifference for the delay in refilling his medication.[2]

But to state a claim under § 1983, it is not enough to allege that one's rights were violated. The plaintiff must also state who was responsible and allege facts sufficient to provide each defendant notice of the claim against him. Ultimately, a plaintiff must establish each defendant's personal responsibility for the claimed deprivation of a constitutional right. A defendant's direct participation in the deprivation is not required. A defendant's personal responsibility may be established "if she acts or fails to act with a deliberate or reckless disregard of petitioner's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge or consent." *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). In order for a supervisory official to be found liable under § 1983, there must be a "causal connection, or an affirmative link, between the misconduct complained of and the official sued." *Smith v. Rowe*, 761 F.2d at 369; *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

The allegations of the complaint are sufficient, though barely, to support Liske's claims against Warden Smith and HSU Manager Edwards, at least at this stage. Their respective titles suggest that they had supervisory authority over the other individual defendants, and the fact that

---

[2]It is difficult to see how any delay in providing him batteries for his hearing aid created a serious risk to his health, however, and so this part of the § 1983 claim can be dismissed.

5

Liske had sent them letters informing them of his situation suggests they had sufficient knowledge to take action. Given Liske's apparent need for the medication, one may infer that more should have been done. I thus conclude that the case can proceed against them at this time.

The same is not true, however, with respect to the remaining individual defendants. There is no indication in the complaint whether the other defendants were personally involved in the alleged deprivation, or how they were so involved. Liske claims defendant Delvaux recommended that his Offender Complaint regarding Isosorbide DN and Losartran be affirmed to acknowledge the delay Liske experienced in receiving refills of this medication. He claims defendant Zunker affirmed that recommendation, and notified defendant Gunderson of the decision. These allegations do not suggest these defendants were in any way involved in the delay. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). There is no indication whatsoever of any involvement by defendant Hull or the John Doe defendant.

Because the complaint fails to allege facts sufficient to provide notice to the other individual defendants of the conduct they engaged in that could conceivably give rise to liability under § 1983, all claims against them will be dismissed. The dismissal will be without prejudice, however. If plaintiff has, or later obtains, information sufficient to show personal involvement on the part of others, he may amend his complaint. Of course, once a defendant files an answer, he must be granted leave to amend by the court. Fed. R. Civ. P. 15(a).

As to the state law claims, this court has supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. The same allegations that support Liske's § 1983 claim supports his state law claims. For reasons already stated, I find that the complaint alleges sufficient facts to permit Liske to proceed on them against Warden Smith and HSU Manager Edwards. Since no facts are alleged that show personal liability on the part of the other named defendants, however, the dismissal in their favor will be applied to these claims as well. Although it seems unlikely that the State of Wisconsin carries liability insurance for the kind of incident alleged, Liske's claim against the fictional insurance company can continue for now, but will likely be dismissed unless Liske identifies an insurer that issued a policy once discovery commences.

**THEREFORE IT IS ORDERED** that plaintiff's claims against the State of Wisconsin, the Wisconsin Department of Corrections, Oshkosh Correctional Institution, and all defendants, except Warden Smith and HSU Manager Edwards, are dismissed for failure to state a claim. The dismissal of claims against the individual defendants is without prejudice. All other dismissals are with prejudice.

**IT IS ALSO ORDERED** that plaintiff shall serve each defendant pursuant to Fed. R. Civ. P. 4 with the complaint, a waiver of service form and/or summons, and this order.

**IT IS ORDERED** that because this screening of the complaint has reduced plaintiff's time for service, plaintiff is granted an extension of time for service to 120 days from the date of this order. *See* Fed. R. Civ. P. 4(m).

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this  1st  day of April, 2008.

                                          s/ William C. Griesbach
                                          William C. Griesbach
                                          United States District Judge

8

Case 1:08-cv-00252-WCG   Filed 04/02/08   Page 8 of 8   Document 4